IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0385-08






JOHN URANGA, III, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


WICHITA COUNTY





 Meyers, J., filed a concurring opinion.


CONCURRING OPINION 



 I agree with the majority that there was no error in this case. However, I disagree
with the path taken to reach that result. Article 37.07, Section 3, of the Code of Criminal
Procedure-"Evidence of prior criminal record in all criminal cases after a finding of
guilty"-states,

 Regardless of the plea and whether the punishment be assessed by the judge
or the jury, evidence may be offered by the state and the defendant as to any
matter the court deems relevant to sentencing, including but not limited to
the prior criminal record of the defendant, his general reputation, his
character, an opinion regarding his character, the circumstances of the
offense for which he is being tried, and, notwithstanding Rules 404 and
405, Texas Rules of Evidence, any other evidence of an extraneous crime or
bad act that is shown beyond a reasonable doubt by evidence to have been
committed by the defendant or for which he could be held criminally
responsible, regardless of whether he has previously been charged with or
finally convicted of the crime or act. 


Tex. Code Crim. Proc. Ann. art. 37.07, § 3. Under Article 37.07, the extraneous,
unadjudicated offense at issue could properly be offered at the punishment stage. In fact,
it seems that jurors are encouraged to punish a defendant in their deliberations for any
extraneous offenses offered at the punishment phase. Therefore, the trial court's hearing
on the question of actual bias by this juror and any subsequent discussion regarding a
mistrial was unnecessary.

 Though I have long disliked Article 37.07's broad allowance for the consideration
of extraneous crimes, it nevertheless controls the resolution of this case. For this reason, I
respectfully concur.


 Meyers, J.


Filed: November 17, 2010


Publish